IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

STEVEN LEE ODOM, )
)
          Petitioner, )
)
      v. )     1:11CV510
)
JOEL HERRON, )
)
          Respondent. )

**ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Petitioner, a prisoner of the State of North Carolina, has submitted a petition under 28 U.S.C. § 2254 for writ of habeas corpus by a person in state custody, together with an application to proceed *in forma pauperis*. For the following reasons, the Petition cannot be further processed.

1. Filing fee was not received, nor was a proper affidavit to proceed *in forma pauperis* submitted and signed by Petitioner. Petitioner did not disclose the amount of deposits into his prison trust account during the last six months.

2. Judgments entered by more than one court are challenged in the Petition. Rule 2(e), Rules Governing § 2254 Cases. Petitioner states he is challenging convictions from the Superior Court of Scotland County that occurred in 2008. (Docket Entry 2, §§ 1, 2.) However, he also lists charges from 2010. (*Id*., § 1(b).) Additionally, he has attached copies of indictments related to the 2010 cases. These show that they are from the Superior Court of Rowan County. (*Id*., Exs.)

3. Most of Petitioner's claims appear to relate to the 2010 charges, which are still pending. To the extent that Petitioner wishes to have this court intervene in ongoing state criminal proceedings, this is generally not proper. Petitioner has not shown the "extraordinary circumstances" required for a federal court to intervene in a pending state court criminal matter. *See Duran v. Thomas*, No.

10-2029, 2010 WL 3374095 (3rd Cir.(N.J.) Aug 27, 2010)(unpublished). Also, he will have the opportunity to raise these claims in his criminal proceedings in state court. He complains that his attorney has not raised them to this point. However, this does not mean that they cannot be raised at a later time if they are proper claims. In the mean time, it does not appear that Petitioner is being prejudiced given that he is serving a prison sentence related to his earlier convictions. He is not scheduled to be released until January 8, 2013. See http://www.doc.state.nc.us/offenders (search for "Steven L. Odom" last completed June 24, 2011). Petitioner has not exhausted his claims and they should be dismissed. *See Duran*, *supra*; *Simpson v. King*, No. 2:10-CV-00972, 2010 WL 3703043 (S.D.W.Va. Sept. 01, 2010)(unpublished recommendation adopted in *Simpson v. King*, 2010 WL 3703039 (S.D.W.Va. Sept. 14, 2010)).

4. An insufficient number of copies was furnished. Petitioner must submit the original and two copies.

Because of these pleading failures, the Petition should be filed and then dismissed, without prejudice to Petitioner filing new petitions on the proper habeas corpus forms with the $5.00 filing fee, or a completed application to proceed *in forma pauperis*, and otherwise correcting the defects noted. The Court has no authority to toll the statute of limitation, therefore it continues to run, and Petitioner must act quickly once he has exhausted his state court remedies if he wishes to pursue these claims. *See Spencer v. Sutton*, 239 F.3d 626 (4th Cir. 2001). To further aid Petitioner, the Clerk is instructed to send Petitioner a new application to proceed *in forma pauperis*, two sets of new § 2254 forms, and instructions for filing a § 2254 petition, which Petitioner should follow.

*In forma pauperis* status will be granted for the sole purpose of entering this Order and Recommendation.

**IT IS THEREFORE ORDERED** that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation. The Clerk is instructed to send Petitioner two sets of § 2254 forms, instructions, and two current applications to proceed *in forma pauperis*.

**IT IS RECOMMENDED** that this action be filed, but then dismissed *sua sponte* without prejudice to Petitioner filing new petitions which correct the defects of the current petition.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

June 27, 2011